IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL FILE NO. |
| v. | 1:09-CR-263-TWT |
| MARK ANTHONY BECKFORD, et al., | |
| Defendants. | |

ORDER

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 93] of the Magistrate Judge recommending denying the Defendants' Motions to Suppress [Doc. 30, 31, 45, & 34] and the Defendants' Motions to Dismiss [Doc. 33, 40 & 70]. The Defendants are charged with conspiring to distribute marijuana and cocaine. The arresting agents properly made a protective search of the cab and the enclosed bed of the Avalanche to make sure that there were no other people in the vehicle before Agent DeMarco drove it to the HIDTA office. As Agent DeMarco testified, other individuals could have been concealed in the vehicle if the Defendants were planning a rip-off. The agents impounded the vehicle pursuant to DEA policy and then properly conducted an inventory search of the

vehicle at the HIDTA office. The agents also had probable cause to believe that there was evidence of a crime – guns and money – in the vehicle when the Defendants belatedly showed up to complete the drug deal. See Arizona v. Gant, 129 S. Ct. 1710, 1719 (2009)("[T]he offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein."). Were the agents supposed to leave the Avalanche – containing $70,000.00, two assault rifles and a machine gun – in the drive thru lane of the Taco Bell?  The motions to suppress the search of the Avalanche should be denied. The agents testified that the Defendant Haile was driving the white BMW at various times during the day on May 5, 2009. "[A] driver using a vehicle with the permission of an absent owner has been found to possess a reasonable expectation of privacy therein." United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998). No evidence was presented that the white BMW was stolen or that Haile was not driving it with permission. This is enough to give the Defendant standing to contest the search of the BMW. The Government made no attempt to defend the warrantless search of the BMW other than to challenge standing. The motion to suppress evidence obtained from the BMW should have been granted. The motions to dismiss were properly denied. Except as to the search of the BMW, the Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant Haile's Motion to Suppress [Doc. 34] is GRANTED in part

and DENIED in part. The Defendants' other Motions to Suppress [Doc. 30, 31 & 45] are DENIED.  The  Defendants' Motions to Dismiss [Doc. 33, 40 &70] are DENIED.

SO ORDERED, this 9 day of April, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge